# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-621V
Filed: February 25, 2013

************************************

JOCELYN WILSON,     *

    *

         Petitioners,     *

    *

v.     *

    *

SECRETARY OF HEALTH     *

AND HUMAN SERVICES,     *

    *

         Respondent.     *

    *

************************************

NOT TO BE PUBLISHED

Special Master Zane

Ruling on the Record; HPV Vaccine
Guillain-Barre Syndrome ("GBS")
Proof of Causation

*Christina Kazepis*, Parker, Waichman, & Alonso, LLP, Port Washington, NY for Petitioner
*Lara Ann Englund*, United States Dep't of Justice, Washington, DC, for Respondent

### UNPUBLISHED DECISION DISMISSING CASE[1]

       On September 28, 2011, Jocelyn Wilson ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), 42 U.S.C. § 300a-10, *et seq*., as amended. Petitioner alleged that she suffered from Guillain-Barre Syndrome ("GBS"), as a result of receipt of the Human Papillomavirus ("HPV") vaccinations received on October 29, 2008, March 26, 2009, and August 17, 2009. Petition, ¶ 3,4. For the reasons set forth below, the undersigned finds that Petitioner is not entitled to compensation and dismisses her case.

---

[1]      Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). All decisions of the Special Master will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12 (d)(4); Vaccine Rule 18(b).

## I.    BACKGROUND

Petitioner originally filed her petition on December 9, 2010.  Subsequently, outstanding medical records were filed.  On May 3, 2012, Respondent filed a report pursuant to Vaccine Rule 4 (c), stating, *inter alia*, that the injury suffered by Petitioner is not a table injury, and therefore, there is no presumption of the causation between the HPV vaccine and injuries suffered by Petitioner.  *See* Respondent's Rule 4 report at 5.  Additionally, Respondent stated that Petitioner failed to prove by a preponderance of evidence that her injury was caused-in-fact by the HPV vaccinations she received on October 29, 2008, March 26, 2009, and August 17, 2009, because Petitioner failed to provide a reliable medical theory causally connecting her HPV vaccination with her medical condition, failed to establish a logical sequence of cause and effect showing that the HPV vaccine caused her injury, and failed to show a proximate temporal relationship between her receipt of the HPV Vaccine and her injury.  *See id* at 5-7.  Additionally, Respondent concluded that there is another, much more likely cause for Petitioner's GBS.  *See id*. at 7.  Respondent concluded that Petitioner's records indicated that she had a flu-like illness ten (10) days prior to the onset of her GBS symptoms and respiratory infections, unlike the HPV vaccine, are known to cause GBS.  *Id.*   Therefore, Respondent concluded that compensation is not appropriate in this case.  *Id.*

During a status conference on January 16, 2013, Petitioner was directed to file a document within two weeks advising how she wished to proceed with the case.   On February 6, 2013, Petitioner filed a Motion for Decision on the Record ("Motion for Decision").  Respondent filed a response on did not file a response to Petitioner's motion.  This matter is now before the undersigned for decision.

Having considered Petitioner's motion, the undersigned hereby grants Petitioner's motion for a decision on the record and enters this ruling based upon the entire record. Vaccine Rule 8(d).

## II.    DISCUSSION

To be awarded compensation under the Vaccine Act, a petitioner must prove either: 1) that he suffered a "Table Injury," *i.e*., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations in question, or 2) that any of his medical problems were actually caused or significantly aggravated by the vaccination(s) at issue.  *See* 42 U.S.C. §§ 300aa-11(c)(1) and 300aa-13(a)(1)(A).

Actual causation must be proved by preponderant evidence demonstrating that the subject vaccination caused the petitioner's injury by showing: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs*., 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The logical sequence of cause and effect must be supported by "reputable medical or scientific explanation." *Id.*, *quoting Grant v. Sec'y of Health & Human Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992).  A petitioner may not be awarded compensation based on petitioner's claims alone.  42 U.S.C. § 300aa-13(a)(1).  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  *Id.*

2

An examination of the record demonstrates that it does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a result of receipt of the HPV vaccinations. First, GBS is not a "Table Injury" associated with the HPV vaccination Petitioner received, *see* 42 C.F.R. § 100.3(a) (2011), and Petitioner did not claim to have suffered a "Table Injury."

Second, Petitioner has not proved that her injuries were caused in-fact by her receipt of the HPV vaccinations. The records indicate that Petitioner had flu-like symptoms approximately ten days prior to the onset of GBS. Petitioner's Exhibit 5 at 21. None of Petitioner's treating physicians opined definitively that her injuries were caused by the vaccinations. Finally, Petitioner has not submitted an expert report and, by filing this Motion for Decision, has indicated that she will not submit an expert report supporting her claim that the HPV vaccination(s) caused her injuries.

Based on the review of the record as a whole, Petitioner has failed to prove by preponderant evidence that she suffered a "Table Injury" or that her condition was "actually caused" by her vaccinations.

**Petitioner's claim for compensation is DENIED, and this case is DISMISSED for insufficient proof.** In the absence of a motion for review, the Clerk of the Court is directed to enter judgment accordingly.[2]

       **IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.